## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ELAINE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01481-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| *on behalf of the* U.S. SMALL BUSINESS ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

In 2008, the U.S. Small Business Administration ("SBA") loaned nearly half a million dollars to three businesses. Plaintiff Elaine Wilson provided an unconditional guarantee on the loans, guaranteeing the payment of all amounts owed, and provided the SBA a security interest in her residence. The borrowers defaulted on the loans sometime before June 2011, and the SBA declared all the unpaid indebtedness due immediately. On June 19, 2011, the SBA made a written demand upon Plaintiff for payment. One hundred forty-nine months later, Plaintiff filed this single-count action seeking a declaratory judgment that "Defendant is barred from collecting from Plaintiff any amounts owed" because "any potential collection action" would be "time-barred" under Missouri law. Doc. [1] at 4.

Currently before the Court is the United States of America's Motion to Dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject

matter jurisdiction.[1]  The United States argues that there is no case or controversy present here because Plaintiff is seeking "an advisory opinion based upon hypothetical circumstances."  Doc. [8] at 2.  After a complete review of the Complaint and the briefing, the Court agrees and will grant the United States' Motion and dismiss this action without prejudice for lack of subject matter jurisdiction.

"The case or controversy requirement of Article III applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).  To determine whether there is an actual controversy, the Court must consider whether the facts Plaintiff alleged show "a substantial controversy between [ ] parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.* (quoting *Caldwell v. Gurley Refining Co.*, 755 F.2d 645 (8th Cir. 1985)); *accord Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Here, the allegations as pleaded fail to show the parties' controversy has the immediacy and reality that can warrant the issuance of a declaratory judgment.  Plaintiff claims she is in immediate danger of sustaining direct injury because of a letter the SBA sent to her in 2011.  Putting aside the issue of whether Plaintiff has identified anything that would constitute an injury, she has not shown any injury is "certainly impending." *See Pub. Water Supply Dist. No. 8 of Clay Cnty. v. City of Kearney*, 401 F.3d 930, 932–33 (8th Cir. 2005) (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)).

---

[1] Defendant also asserted that, even if the Court has jurisdiction, Plaintiff failed to state a claim upon which relief could be granted.  *See* Doc. [8] at 2 (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940)); *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff does not plead any facts that show (or even suggest) that Defendant has sought to collect or bring a "collection action" against her since it sent that letter nearly thirteen years ago. *See* Doc. [1] at 4. Indeed, Plaintiff admits that things have been "unchanged since June of 2011." Doc. [13] at 4. Though she references "the pending threat of litigation," she fails to explain how a demand letter from nearly thirteen years ago shows a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that a "potential collection action" the SBA may bring against Plaintiff would be "time-barred." *See* Doc. [1] at 4.[2] Therefore, she has failed to show the existence of a case or controversy and thereby has failed to show this Court's jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss, Doc. [8], is **GRANTED**.

The Court will enter herewith an Order of Dismissal dismissing this action without prejudice.

Dated this 8th day of May 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] In addition, the demand letter does not even threaten litigation. Doc. [1] at 33–34. Rather, it states that the SBA would refer Plaintiff's delinquent debt to the U.S. Department of Treasury for offset. *Id.*; *see also* 31 U.S.C. § 3716(a).